[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION FOR SUMMARY JUDGMENT
Plaintiff Yale-New Haven Hospital has presented to the court its motion for summary judgment as to liability and damages in the amount of $6,959.20 for medical services rendered to defendant Robert Alsever on several days starting on February 11, 2000. The plaintiff also asserts a claim under Conn. Gen. Stat. Sec. 46b-37 the spousal support statute — against defendant Robert Alsever's wife, Carole Alsever.
In his affidavit in opposition to the motion for summary judgment defendant Robert Alsever states, inter alia, that he went to the plaintiffs emergency room on or about February 11, 2000 with an elevated temperature. However, he claims that although his temperature returned to normal while he was in the emergency room, hospital medical providers admitted him to the hospital and provided extensive medical services over his objection. Defendant Robert Alsever claims that some of the medical services were not competently administered, and that he is not liable to the plaintiff for the services rendered.
In considering the motion for summary judgment, the issue before the court is whether there is a genuine issue of material fact as to whether the defendants are liable to the plaintiff in this case. In determining whether the facts alleged contain any genuine issues of material facts as to whether an implied contract existed, the court is required to look at the alleged facts in the light most favorable to the non-moving party.
Since the parties have not presented a written contract for review, the court must look to see whether another form of contract may guide a resolution of their controversy. One form of contract is a quasi contract. The Connecticut Supreme Court, in Clark v. Diefendorf,109 Conn. 507 (1929) set out the standard for determining the circumstances under which a quasi contract arises in the context of a CT Page 15812 patient and a medical provider.
 Such an implied contract would arise if the appellant rendered services under an expectation that they were to be paid for, and of the [recipient] either intended to pay for them or they were rendered under such circumstances that she knew or as a reasonable person should have known that the appellant did expect payment (citations omitted). Ordinarily where one requests another to furnish articles or perform services in the usual course of the latter's business, a sufficient basis exists to render the former liable to the latter for their reasonable value.
 Id. at 510 (emphasis added.)
From the affidavits presented the court finds that there is no genuine issue of material fact as to whether the defendants have a legal obligation in quasi contract to the plaintiff. The court finds that they do have such an obligation. However, based upon defendant Robert Alsever's protest of medical services, the court further finds that there is a genuine issue of material fact as to the specific services for which they are liable.
Accordingly, the plaintiffs motion for summary judgment is granted as to liability, and is denied as to damages.
Clarance J. Jones, Judge.